1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

VIDAL DANNY GONZALEZ,

               Petitioner,

    v.

A. HEDGPETH, Warden,

               Respondent.

_____/

1:11-CV-01347 LJO BAM HC

FINDINGS AND RECOMMENDATION
REGARDING RESPONDENT'S MOTION
TO DISMISS

[Doc. #15]

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on December 1, 2006, of transportation of methamphetamine, possession of methamphetamine for sale, and possession of a firearm. See Lodged Doc. No. 1.[1] The jury further found true the enhancements that Petitioner was personally armed with a firearm during commission of the

_____

[1]"Lodged Doc." refers to the documents lodged by Respondent in support of the motion to dismiss.

1   offenses, and that the offenses were committed for the benefit of, or in association with, a criminal

2   street gang.  Id.  Petitioner was sentenced to serve a determinate term of 18 years in state prison. Id.

3       Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate

4   District.  On July 30, 2008, the appellate court affirmed the judgment. See Lodged Doc. No. 2.

5   Petitioner then sought a petition for review on September 2, 2008, in the California Supreme Court.

6   See Lodged Doc. No. 3.  On October 16, 2008, the petition was summarily denied. See Lodged Doc.

7   No. 4.

8       Petitioner then filed four post-conviction collateral challenges with respect to the judgment in

9   the state courts, all petitions for writ of habeas corpus, as follows:

10      1.    Kern County Superior Court
            Filed: August 20, 2009[2];
11          Denied: November 2, 2009;

12      2.    California Court of Appeals, Fifth Appellate District
            Filed: November 30, 2009;
13          Denied: March 10, 2010;

14      3.    California Court of Appeals, Fifth Appellate District
            Filed: November 30, 2009;
15          Denied: March 11, 2010;

16      4.    California Supreme Court
            Filed: April 7, 2010;
17          Denied: November 10, 2010.

18  See Lodged Docs. Nos. 5-12.

19      On August 15, 2011, Petitioner filed the instant federal petition for writ of habeas corpus in

20  this Court. On January 31, 2012, Respondent filed a motion to dismiss the petition as being filed

21  outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file

22  an opposition to Respondent's motion to dismiss.

23                          **DISCUSSION**

24  A.  Procedural Grounds for Motion to Dismiss

25      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26  _____

27      [2]Pursuant to the mailbox rule, the Court deems the various petitions filed on the date they were signed and
    presumably handed to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988);
28  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

1  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

2  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

3          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

4  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

5  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

6  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

7  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

8  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

9  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

10 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

11         In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

12 one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

13 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

14 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

15 dismiss pursuant to its authority under Rule 4.

16 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

19 habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

20 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

21 586 (1997).

22         In this case, the petition was filed on August 15, 2011, and therefore, it is subject to the

23 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

24 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

25 § 2244, subdivision (d) reads:

26         (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
27      limitation period shall run from the latest of –

28

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on October 16, 2008. Thus, direct review concluded on January 14, 2009, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The limitations period commenced the following day on January 15, 2009, and absent applicable tolling, expired one year later on January 14, 2010. In this case, Petitioner delayed filing the instant petition until August 15, 2011, over eighteen months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

1    1999), *cert. denied,* 120 S.Ct. 1846 (2000).  Nevertheless, state petitions will only toll the one-year

2    statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

3    petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

4    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

5    the federal courts to have been untimely in state court will not satisfy the requirements for statutory

6    tolling. Id.

7       As stated above, the statute of limitations began to run on January 15, 2009.  Petitioner filed

8    his first state habeas petition on August 20, 2009.  At that point, 217 days of the limitations period

9    had elapsed. Because the petition was properly filed, the statute of limitations is tolled for the time

10    this petition was pending.  Further, Respondent does not contest that the limitations period was

11    tolled during the entire time Petitioner pursued his remedies in state court.  Thus, the limitations

12    period was tolled until November 10, 2010, when the California Supreme Court denied the final

13    petition. The limitations period then recommenced and expired 148 days later (365 - 217 = 148) on

14    April 8, 2011.  Because the instant petition was not filed until August 15, 2011, it is time-barred

15    pursuant to 28 U.S.C. § 2244(d).

16    D.  Equitable Tolling

17       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

18    he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

19    way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

20    Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

21    *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

22    814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

23    U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

24    (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

25                 **RECOMMENDATION**

26       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

27    GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

28    comply with 28 U.S.C. § 2244(d)'s one year limitation period.

1    This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

2   United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).

3   Within thirty (30) days after date of service of this Findings and Recommendation, any party may

4   file written objections with the Court and serve a copy on all parties.  Such a document should be

5   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

6   Objections shall be served and filed within fourteen (14) days after date of service of the Objections.

7   The Finding and Recommendation will then be submitted to the District Court for review of the

8   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

9   to file objections within the specified time may waive the right to appeal the Order of the District

10   Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11      IT IS SO ORDERED.

12   **Dated:**   **August 3, 2012**        **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE